**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS ELENA GALVEZ-DUARTE, | No. 06-72243 |
| Petitioner, | Agency No. A078-914-994 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Santos Elena Galvez-Duarte, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Galvez-Duarte failed to establish that she suffered past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding that threats constituted persecution). Substantial evidence also supports the agency's determination that Galvez-Duarte failed to establish an objectively reasonable fear of future persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts do not establish persecution). Thus, Galvez-Duarte's asylum claim fails.

Because Galvez-Duarte failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**